[Crim. No. 4623.   Second Dist., Div. One.   July 2, 1951.]

THE PEOPLE, Respondent, v. ROY ALLEN NIXT et al., Defendants; THOMAS TIMOTHY FRAWLEY, Appellant.

Charles Hollopeter for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant was adjudged guilty by a jury of the crime of robbery; the jury also found that defendant was armed at the time of the commission of the offense. Defendant admitted the prior conviction of a felony which was also alleged. The appeal is from the judgment and the order denying motion for a new trial.

Appellant and two others were accused of the crime. The evidence reveals that they entered the clothing store of one George L. Berger in Pasadena. There were two clerks and six customers in the store at the time of the robbery. All were robbed; the amount totaled about one thousand dollars. Considerable clothing was also taken.

It is contended on appeal that: "I. The evidence is insuffi-

cient to justify the verdict. II. Prejudicial error was committed by the trial court in its rulings on the admissibility of evidence. III. Prejudicial misconduct was committed by the District Attorney.''

It would serve no useful purpose to review the evidence; that it was sufficient in the light of well-known rules governing such situations there can be no question. ██ The law does not require the identity of a defendant to be positive. ██ As pointed out by respondent, ''In the instant case we have ample identification of Frawley as one of the participants in the robbery of the Berger store in Pasadena. The witnesses identified him and it was for the jury to determine the weight to be accorded to their identification. Of significance also was the fact that the defendant Frawley was arrested in the company of the two men who were positively identified as participants in the robbery. Also, there was testimony that they had all three returned from San Diego where they had gone to commit a robbery. Frawley had the fruits of the Berger robbery on his person. There was testimony that the three defendants always divided the fruits of their robberies equally between them. Another robbery, the one in Huntington Park, was admittedly committed by Nixt and Cox and the fruits of this robbery were found in Frawley's apartment at the time of his arrest. Frawley failed to take the stand to deny the accusations made against him. It is submitted that in view of this evidence implicating the defendant Frawley, the jury had no other choice but to return a verdict of guilty of robbery in the first degree.''

██ With regard to appellant's contention that ''prejudicial error was committed by the trial court on its rulings on the admissibility of evidence,'' the record does not support the argument that such rulings were prejudicial. It may be conceded, which is not uncommon in such circumstances, that the validity of such rulings are technically open to argument but it does not follow that the result was prejudicial. The observation applies to appellant's contention as to alleged prejudicial misconduct. In the light of the record appellant's contention in this connection cannot be upheld.

The judgment and order denying motion for new trial are affirmed.

White, P. J., and Drapeau, J., concurred.